UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERMAINE WRIGHT,

                Plaintiff,

                                                DECISION AND ORDER

                                                05-CV-6723L

                v.

KENNETH BERBARY, et al.,

                Defendants.
_____

      By order entered June 30, 2010, trial in this *pro se* civil rights action was scheduled for November 15, 2010. Later, the Court scheduled a pretrial conference with plaintiff, who is incarcerated at the Clinton Correctional Facility and defendants' attorney, Assistant Attorney General Richard Benitez, on November 5, 2010. The Court arranged this pretrial conference to be conducted by telephone and made arrangements with officials at the Clinton Correctional Facility for that purpose.

      At the appointed hour on November 5, 2010, the Court's staff placed a call to the Clinton Correctional Facility and the Court was advised at that time that plaintiff, Jermaine Wright, was advised of the conference but that he refused to attend. The Court was advised that Wright was engaging in some type of protest or hunger strike and had been transferred from his cell to the infirmary.

      On November 5, 2010, the Court was unable to conduct the final pretrial conference because of plaintiff's refusal to attend. The Court, therefore, directed Assistant Attorney General Benitez to provide information from the staff at the Clinton Correctional Facility concerning Wright's notice of the hearing and his refusal to participate. By letter dated November 10, 2010, Assistant Attorney

General Benitez, enclosed several documents from the Clinton Correctional Facility, including a memorandum from Deborah Keysor, Deputy Superintendent for Administration concerning the circumstances surrounding Wright's refusal to attend the conference, as well as memos from several corrections officers concerning their contact with Wright. All those memos are filed as one docket entry at Docket #119. In those submissions, it is clear that the officers approached Wright, advised him of the pretrial conference, and received Wright's response that he did not intend on participating. It further appears that Wright was asked if he knew what the conference was about, and he replied affirmatively that it related to his lawsuit concerning events at the Attica Correctional Facility. According to the memo submitted by Deputy Superintendent Keysor, Wright said that he did not intend to participate at the trial either.

The pretrial order issued June 30, 2010, set forth a list of items that plaintiff needed to prepare and present for the trial. Plaintiff failed to comply with any of the directives of that pretrial order (Dkt. #110).

Defendants now move to dismiss the complaint (Dkt. #116) on the grounds that Wright refused to participate in a court ordered pretrial conference and because he neglected or refused to comply with the Court's pretrial order relating to the filing of items necessary for the trial.

Plaintiff was served with the motion, advised that responses were due on November 23, 2010, and further advised of the consequences if he failed to respond. (Dkt. #118). Plaintiff has not responded to the motion to dismiss and has not communicated with the Court in any fashion.

Defendants' motion to dismiss is granted, with prejudice, pursuant to FED. R. CIV. P. 41(b). Plaintiff has failed to prosecute the action and has failed to comply with the orders of this Court concerning the requirements of filing certain documents prior to trial and by refusing to participate in the Court ordered pretrial conference. Plaintiff has also neglected or refused to respond to the motion to dismiss and, according to the submissions made by officials at the Clinton Correctional Facility, has indicated that he did not attend to participate in the scheduled trial either.

This Court had conducted telephone conferences with plaintiff on prior occasions and trial had been scheduled for many months. The willful refusal to provide necessary pretrial documents and the refusal to attend the pretrial conference constitutes a willful failure to prosecute the action. *See, e.g., Culton v. New York State Dept. of Correctional Services*, 299 Fed.Appx. 96, 97 (2d Cir. 2008) (affirming dismissal of lawsuit for failure to prosecute based on plaintiff's failure to attend pretrial conferences and failure to comply with discovery requirements); *Alaimo v. Automotive Consulting*, No. 07 Civ. 7623, 2010 WL 2884713, at *1 (S.D.N.Y. June 8, 2010) (recommending dismissal for failure to prosecute where plaintiffs failed to appear at scheduled conference, failed to respond to defendants' motion to dismiss for failure to prosecute, and had not attempted to contact either the court or defendants in response to the court's orders), *Report and Recommendation adopted*, 2010 WL 2884711 (S.D.N.Y. July 20, 2010); *Szymanski v. Ennis*, No. 06-CV-61, 2008 WL 3539895, at *4 (W.D.N.Y. Aug. 12, 2008) (dismissing action where plaintiff had "repeatedly ignored court orders by failing to appear for conferences or to respond in opposition to Defendant's Motion seeking dismissal of the action for failure to prosecute, despite the specific warning that the failure to respond to such motion could result in dismissal").

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        December 7, 2010.